# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| VSSI, Inc. a Missouri corporation, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. _____ |
| OLYMPIC VETERINARY CORPORATION, a Washington corporation, | ) ) *Jury Trial Demanded* ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff VSSI, Inc. ("VSSI") and for its complaint against Defendant Olympic Veterinary Corporation ("Olympic") alleges as follows:

1. VSSI is a Missouri corporation, having its principle place of business at 1 Civil War Road, Carthage, Missouri 64836 and is in the business of manufacturing, distributing and selling durable goods for the veterinarian industry. The goods include cage assemblies, examination tables, surgical tables, sinks, lighting and other products commonly used by Veterinarians in the performance of their business.

2. Olympic is a Washington corporation having its principle place of business at 9311 Southeast 36th Street, Unit 220, Mercer Island, Washington 98040. Olympic manufactures, or has manufactured, distributes and sells durable goods in the veterinarian industry, including examination tables and surgical tables.

3. Olympic may be served through its Registered Agent: LPSL CORPORATE SERVICES, INC. , 420 5th Avenue, Suite 4200, Seattle, WA 98101-2375.

4. VSSI owns United States Patent No. 5,826,286, issued October 27, 1998 for a veterinary surgical table.

5. This is an action for patent infringement and damages under United States Patent Law, 35 U.S.C. §271 et seq.

6. This Court has exclusive jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that the complaints states an action based upon a federal question relating to patents.

7. This Court has personal jurisdiction over Defendant Olympic because the Defendant conducts business operation in Missouri, including activities infringing the patent in suit. Specifically, Olympic offers its products for sale to veterinarians and veterinary supply companies in Missouri by direct sales and through its website www.olympicveterinary.com. Moreover, upon information and belief, Olympic has offered for sale and has sold infringing products in the state of Missouri.

8. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b) since Defendant conducts business in the state of Missouri and this district and has committed acts of patent infringement which have affected Plaintiff and others who reside in this district.

## GENERAL ALLEGATIONS

9. On October 9, 1996, a patent application was filed with the United States Patent and Trademark Office to protect the invention of Dale Cranston entitled "Veterinary Surgical Table"; the patent application was assigned Patent Application Serial No. 727,914. The ownership rights to the invention disclosed and claimed in the patent application were assigned by Dale Cranston to VSSI, Inc. and the assignment was duly recorded with the United States Patent and Trademark Office.

10. On October 27, 1998, United States Patent No. 5,826,286 ("'286 Patent") issued to VSSI, Inc. for the Veterinary Surgical Table disclosed in Patent Application 727,914. A copy of the '286 Patent is attached as Exhibit 1 and incorporated herein by this reference.

11. Since approximately 1997, VSSI has manufactured and sold veterinary surgical tables that are encompassed within the claims of the '286 Patent. See the example below:



12. VSSI has duly marked its products, advertising and marketing materials for those products with the designation "patented" or "Patent No. 5,826,286."

13. VSSI and Olympic are competitors in the veterinary supply industry and are generally aware of each other's businesses and the products they offer for sale.

14. Upon information and belief, Olympic has been aware of VSSI's patented surgical table for many years.

15. Prior to commencing this legal action, VSSI placed Olympic on notice that certain of Olympic's surgical tables infringe the '286 Patent. Despite such knowledge, Olympic has continued to infringe the '286 Patent.

## CLAIM FOR RELIEF

Plaintiff incorporates and restates the foregoing allegations of paragraphs 1 through 14 as though set forth fully herein.

16. Olympic offers for sale a product designated "Olympic Dental Table" which is virtually identical to the VSSI Veterinary Surgical Table that VSSI manufactures pursuant to the '286 Patent. A copy of the Olympic dental table promotional materials is attached hereto as Exhibit 2 and incorporated herein by this reference.

17. Olympic infringes the '286 Patent, including at least independent claims 1, 6, 9, 15 and 17 all in violation of 35 U.S.C. §271(a) by making, importing, using, offering to sell and selling infringing products within the United States.

18. Specifically, Olympic has made, or had made, and is offering to sell and selling, its dental table for use by veterinarians in a configuration shown in the example depicted below.





19. Such infringement by Olympic is deliberate, willful, and intentional, with full knowledge of the existence and validity of the '286 Patent.

20. Olympic's infringement of the '286 Patent has caused damage to VSSI in that VSSI has lost sales of its surgical tables due to Olympic's infringement of the '286 Patent. Moreover, Defendant's ongoing manufacture and sale of infringing products will continue to damage VSSI. The amount of the damages has not yet been calculated but it is known that VSSI has incurred lost sales, lost profits and loss of royalties and revenue as a direct result of the infringement and is thereby entitled to an award of damages adequate to compensate for the infringement in an amount that in no event will be less than a reasonable royalty pursuant to 35 U.S.C. §284. VSSI is also entitled to recover prejudgment interest, post-judgment interest, costs and enhanced damages under 35 U.S.C. §284.

21. As a result of Olympic's infringement of the '286 Patent, VSSI will suffer irreparable harm and impairment of the value of its patent rights, will lose the good will of its customers, and prospective customers, and is now suffering the violation of its patent rights, all of which will continue unless Defendant is permanently enjoined by this Court from infringing the '286 Patent under 35 U.S.C. §283.

22. WHEREFORE, Plaintiff VSSI prays for judgment against Defendant Olympic as follows:

    (a) Finding that the '286 Patent has been infringed by Olympic;

    (b) Finding that Olympic's infringement of the '286 Patent as herein alleged has been deliberate, willful and in conscious disregard of Plaintiff's rights pursuant to 15 U.S.C. §§1117 and 1125(a) and 35 U.S.C. §284;

    (c) Awarding Plaintiff a permanent final injunction against continuing infringement by Olympic and any of Olympics' parents, subsidiaries, divisions, officer,

employees, successors and assigns while enjoining them from making, using, selling, practicing or offering to sell the invention of the '296 Patent;

(d) Awarding VSSI damages adequate to compensate it for the infringement including its lost profits, royalties, attorney fees, costs, prejudgment interest and post-judgment interest, as allowed by law;

(e) Awarding VSSI an additional sum on account of the willful, intentional and deliberate character of Olympic's infringing acts pursuant to 15 U.S.C. §1117 and 35 U.S.C. §284; and

(f) Granting Plaintiff all other legal and equitable relief to which Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

Demand for jury trial on all issues so triable is hereby made under FED. R. CIV. P. 38(b) and L.R. 38.1.

Respectfully submitted,

LATHROP & GAGE LLP

By: /s/ *Joshua B. Christensen*
Joseph L. Johnson (45456)
jjohnson@lathropgage.com
Joshua B. Christensen (63759)
jchristensen@lathropgage.com
910 E. St. Louis, Suite 100
Springfield, Missouri 65806
Telephone: 417.886.2000
Fax: 417.886.9126
*Attorneys for Plaintiff VSSI, Inc.*